[No. 25047-1-II.   Division Two.   January 5, 2001.]

RETIRED PUBLIC EMPLOYEES COUNCIL OF WASHINGTON, ET AL., *Appellants*, v. THE STATE OF WASHINGTON, ET AL., *Respondents*.

148

*Donald E. Clocksin*, for appellants.

*Christine O. Gregoire, Attorney General*, and *Jeff B. Kray, Assistant*, for respondents.

MORGAN, J. — The Retired Public Employees Council of Washington (RPEC) is a non-profit organization that advocates for retirees receiving benefits under the Public Employees Retirement System of Washington (PERS).[1] PERS I is a state employee pension fund.

From 1947 to 1976, a "Retirement Board" controlled the benefits of PERS I members. Starting in 1973, this Board was empowered to grant cost of living adjustments (COLAs) if, in its sole discretion, certain conditions were met. Former RCW 41.40.195(5) (1994) provided in part:

> (5) Each service retirement allowance payable from July 1st of any year after 1973 until any subsequent adjustment pursuant to this subsection shall be adjusted so as to equal the product of the cost-of-living factor for such year and the amount of said retirement allowance on the initial date of payment: PROVIDED, That the board finds, at its sole discretion, that the cost of such adjustments shall have been met by the excess

---

[1] The plaintiffs include RPEC and two individuals, Gloria M. Champeaux and John E. O'Brien. For convenience, we refer primarily to RPEC.

of the growth in the assets of the system over that required for meeting the actuarial liabilities of the system at that time.[2]

In 1976, the Department of Retirement Systems (DRS) succeeded to the Board's responsibilities.[3] It granted COLAs through 1980, but not thereafter.

Effective May 12, 1995, the Legislature repealed former RCW 41.40.195.[4] On October 20, 1998, more than three years later, RPEC sued to compel DRS to pay COLAs for the years 1981 through 1995. DRS responded with a motion for summary judgment based on the statute of limitations. RPEC opposed the motion and sought to conduct discovery before the motion was heard. On July 9, 1999, after some confusion no longer pertinent here, the trial court ruled by letter that the statute of limitations was three years; that the three-year period had commenced before October 20, 1995; and that any claims arising before that date were time-barred. The court also ruled that discovery would be fruitless. On August 12, 1999, the court entered a final order under CR 54(b).

RPEC now appeals. It argues (1) that the statute of limitations is six years, not three years; (2) that even if the statute of limitations is three years, it was never triggered; (3) that DRS failed to carry its burden of eliminating all issues of material fact; and (4) that the trial court should have allowed discovery.

I

The statute of limitations for a written contract is six years.[5] The statute of limitations for an oral contract is

---

[2] Laws of 1973, 2d Ex. Sess., ch. 14, § 1.

[3] Laws of 1975-76, 2d Ex. Sess., ch. 105, §§ 4, 5, 10, 11, 12.

[4] Laws of 1995, ch. 345, § 11.

[5] RCW 4.16.040(1); *see also Barnes v. McLendon*, 128 Wn.2d 563, 570, 910 P.2d 469 (1996); *Cahn v. Foster & Marshall, Inc.*, 33 Wn. App. 838, 840-41, 658 P.2d 42, *review denied*, 99 Wn.2d 1012 (1983).

three years.[6] RPEC argues that the statute of limitations applicable here is six years, not three years, because former RCW 41.40.195 was a written contract between the State and each PERS I employee.

*Noah v. State*[7] and *Bowles v. Department of Retirement Systems*[8] were similar cases. In each, the plaintiff claimed that the PERS I statutes were a written contract for purposes of the six-year statute of limitations. Ruling to the contrary, the Supreme Court reasoned that the pertinent contract is the employment contract, not the pension statutes, even though the pension statutes are incorporated in, and form one small aspect of, the employment contract[9] (i.e., even though the pension statutes create a "vested" right to deferred compensation).[10] *Noah* and *Bowles* control here, and the statute of limitations is three years.

## II

Former RCW 41.40.195(5) necessarily obligated DRS to decide on COLAs no later than July 1 of each year, for it also obligated DRS to make any appropriate adjustment as of that date. At first glance then, it would seem that the three-year statute of limitations was triggered no later than each July 1 with respect to COLAs for the previous year. RPEC contends, however, that the statute of limitations was not so triggered because (A) PERS I is a trust and (B) the discovery rule applies.

## A

RPEC argues that PERS I is a trust; that DRS as trustee of that trust "had the duty to disclose"[11] the potential availability of COLAs; that DRS never did that; and thus

---

[6] *See* RCW 4.16.080(3).

[7] *Noah v. State*, 112 Wn.2d 841, 774 P.2d 516 (1989).

[8] *Bowles v. Dep't of Ret. Sys.*, 121 Wn.2d 52, 847 P.2d 440 (1993).

[9] *Bowles*, 121 Wn.2d at 79; *Noah*, 112 Wn.2d at 844.

[10] *See Bakenhus v. City of Seattle*, 48 Wn.2d 695, 698, 296 P.2d 536 (1956).

[11] Br. of Appellant at 36.

that the statute of limitations was never triggered. RPEC also argues that PERS I is a trust; that the statute of limitations for a breach of trust "does not begin to run until the latest of . . . termination of the trust, repudiation of the trust, or the beneficiaries' knowledge of such termination or repudiation;"[12] that none of those events occurred here; and thus that the statute of limitations was never triggered.

██ The premise underlying these arguments is that PERS I is a trust. In *Bowles*, the Supreme Court expressly "rejected a characterization of the PERS I fund as a trust."[13] RPEC claims that *Bowles* is wrong or distinguishable, but its claims are unpersuasive. PERS I is not a trust for present purposes; DRS was not a trustee; and the statute of limitations for a breach of trust is irrelevant.

B

██ RPEC seems to rely on that aspect of the discovery rule which holds that "a cause of action does not accrue . . . until the plaintiff knows, or has reason to know, the factual basis for the cause of action."[14] In our view, however, its reliance is misplaced. The plaintiffs knew that they were PERS I members and that they had not received a COLA since 1980. As a matter of law, a reasonable person with knowledge that he or she was a member of PERS I would have inquired, shortly after July 1 of each year, why no COLA was being granted. Accordingly, the discovery rule does not apply.

RPEC may be claiming that the discovery rule applies because its members were ignorant of the law—in other words, because its members were ignorant of former RCW 41.40.195(5)'s provision regarding COLAs. If that is the claim, we reject it. The discovery rule tolls the statute of limitations if a reasonable person would have been ignorant

---

[12] Br. of Appellant at 37.

[13] *Bowles*, 121 Wn.2d at 79.

[14] Br. of Appellant at 33 (quoting *Bowles*, 121 Wn.2d at 79-80).

of the *facts* on which to base a cause of action. The discovery rule does not toll the statute of limitations merely because the individual plaintiff was ignorant of the *law* on which to base a cause of action. A reasonable person is deemed to know the law, or, as the old cliché puts it, "ignorance of the law is no excuse."

RPEC cites *Samuelson v. Community College District No. 2*,[15] but that case is distinguishable from this one. The plaintiff in *Samuelson* had no knowledge that he was eligible for membership in the pertinent pension plan; thus, a reasonable person in his shoes would not have inquired into that plan's benefits. In contrast, the plaintiffs here knew they were members of PERS I; thus, a reasonable person in their shoes would have inquired into PERS I's benefits, including COLAs. We hold that the three-year statute of limitations was triggered no later than July 1 of each year, the date on which RPEC's members knew or should have known that no COLA would be forthcoming.

## III

RPEC claims that the trial court should have allowed discovery before taking up DRS's motion for summary judgment. Like the trial court, however, we disagree. The facts needed to determine whether this suit for COLAs is time barred are whether the plaintiffs are members of PERS I, and whether COLAs were granted or denied once each year. Those facts are not controverted, and discovery would have been fruitless.

RPEC's remaining arguments are meritless or subsumed in the arguments already discussed.

Affirmed.

BRIDGEWATER, J., and WANG, J. Pro Tem., concur.

Review denied at 143 Wn.2d 1023 (2001).

---

[15] *Samuelson v. Cmty. Coll. Dist. No. 2*, 75 Wn. App. 340, 877 P.2d 734 (1994), *review denied*, 125 Wn.2d 1023 (1995).