253 P.3d 483 (2011)
Debra LOEFFELHOLZ, Appellant,
v.
UNIVERSITY OF WASHINGTON and James Lukehart and Jane Doe Lukehart, and the marital community composed thereof, Respondents.
No. 65364-4-I.
Court of Appeals of Washington, Division 1.
June 27, 2011.
*485 Michael E. Withey, Law Offices of Michael Withey, Seattle, WA, for Appellant.
Howard Mark Goodfriend, Smith Goodfriend PS, Jared Van Kirk, Anne F. Preston, Garvey Schubert Barer, Seattle, WA, for Respondents, James Lukehart and Jane Doe Lukehart.
Howard Mark Goodfriend, Smith Goodfriend PS, Robert Melvin Howie, Skylar Anne Sherwood, Riddell Williams PS, Seattle, WA, for Respondent, University of Washington.
GROSSE, J.
¶ 1 A hostile work environment claim is composed of a series of separate acts that collectively constitute one unlawful employment practice. A plaintiff is entitled to present evidence of harassment before the statutory limitations period to show the cumulative effect of the acts, provided some of the objectionable conduct occurred within the limitations period. Here the record is unclear, but raises an inference, that objectionable conduct occurred within the statute of limitations and after the effective date of the amendment to the Washington Law Against Discrimination, chapter 49.60 RCW, prohibiting discrimination on the basis of sexual orientation. Accordingly, we reverse the summary judgment dismissal of Debra Loeffelholz's hostile work environment claim.

FACTS
¶ 2 Since April 2003, Debra Loeffelholz has worked at the University of Washington (UW) as a program coordinator in the asbestos office for facilities services. When she began her employment, Loeffelholz was supervised by James Lukehart. At some point prior to June 2006, Loeffelholz was put under the supervision of Tony Mussio. The exact date of this transfer is unclear from the record, although Loeffelholz guessed that this happened probably five or six months prior to the end of June 2006.
¶ 3 Shortly after Lukehart became Loeffelholz's supervisor, he asked her whether she was gay. When Loeffelholz told Lukehart that she was gay, Lukehart told her not "to flaunt it at all" around him.
¶ 4 After Loeffelholz told Lukehart she was gay, she lost the privilege of flex time and approval to attend training seminars. Also, Lukehart told Loeffelholz that he could look online and see the positions Loeffelholz was applying for. He told her he had a gun in his vehicle and that he was trying to get information on people to use against them later. Lukehart frequently spoke about revenge and expressed his hatred for certain people. He refused to complete employment evaluations of Loeffelholz, even though she asked him to do so. Co-workers told Loeffelholz that Lukehart had made derogatory comments about her, namely that she was gay and overweight.
¶ 5 Lukehart is in the United States Army Reserves. He was deployed to Iraq on June 25, 2006. His last day of work at UW before his deployment was June 23, 2006. During the last group meeting before he left for Iraq, Lukehart informed those in attendance, including Loeffelholz, that he was going to come back from Iraq "a very angry man." The record does not reflect the exact date on which Lukehart made this comment.
¶ 6 After Lukehart was deployed to Iraq, several employees complained to his replacement about Lukehart's supervision. Rick Cheney, Lukehart's supervisor, started an investigation into the complaints. Cheney prepared summaries of the complaints against Lukehart and of investigative interviews into these complaints conducted by UW's Human Resources Department. Cheney found serious problems with Lukehart's management style and concluded that Lukehart was manipulative, used intimidation in the workplace, and inappropriately shared personal information about other employees.
¶ 7 Lukehart returned to UW after his deployment ended, but has no supervisory authority over Loeffelholz.
¶ 8 On May 13, 2009, Loeffelholz filed a complaint against UW and Lukehart, alleging sexual orientation discrimination in violation of the Washington Law Against Discrimination (WLAD), chapter 49.60 RCW. UW filed a motion for summary judgment in which Lukehart joined. The trial court *486 granted the motion for summary judgment, finding that Loeffelholz's claim was time-barred and also that the June 7, 2006 amendment to the WLAD prohibiting discrimination on the basis of sexual orientation was not retroactive. Loeffelholz appeals the summary judgment dismissal of her hostile work environment claim.

ANALYSIS
¶ 9 Our review of an order granting summary judgment is de novo.[1] Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[2] We construe the evidence and inferences from the evidence in favor of the nonmoving party.[3]
¶ 10 To establish a claim for hostile work environment, a plaintiff must prove that the harassment (1) was unwelcome, (2) was because she is a member of a protected class, (3) affected the terms and conditions of her employment, and (4) was imputable to her employer.[4] A plaintiff must also file the hostile work environment claim within the applicable statute of limitations. The WLAD does not contain its own limitations period. Rather, discrimination claims must be brought within three years under the general three-year statute of limitations for personal injury actions, RCW 4.16.080(2).[5]
¶ 11 In Antonius v. King County,[6] our Supreme Court adopted the United States Supreme Court's analysis in National Railroad Passenger Corp. v. Morgan[7] to determine whether an employer is liable for hostile work environment conduct that occurred more than three years before the plaintiff filed suit. In Morgan, the Court concluded that hostile work environment claims, by their very nature, involve repeated conduct. The Court stated that the
"unlawful employment practice" therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own.... Such claims are based on the cumulative effect of individual acts.[8]
A hostile work environment claim is, therefore, composed of a series of separate acts that collectively constitute one unlawful employment practice.[9] Accordingly, provided that an act contributing to the claim occurs within the filing period, a court may consider the entire time period of the hostile environment for purposes of determining liability.[10]
¶ 12 Under Antonius and Morgan, Loeffelholz needed to prove a discriminatory act within the limitations period in order to present earlier discriminatory acts.[11] The question of whether the alleged acts, occurring within and outside of the limitations period, are part of one unlawful employment practice is for the jury.[12] Loeffelholz claims that Lukehart's comment that he would return from Iraq a very angry man is a discriminatory act within the limitations period that allows her to present earlier discriminatory acts to support her hostile work environment claim. The trial court ruled as a matter of law that this comment by Lukehart was not an act occurring within the limitations period that would allow Loeffelholz to *487 introduce evidence of earlier discriminatory acts. The trial court erred in so ruling.
¶ 13 In evaluating Loeffelholz's hostile work environment claim, Lukehart's comment about coming back from Iraq a very angry man cannot be viewed in isolation as a discrete act. Rather, hostile work environment claims "`are based on the cumulative effect of individual acts.'"[13] Properly viewing Loeffelholz's hostile work environment claim as composed of a series of separate acts that collectively constitute one unlawful employment practice, and properly viewing the evidence and reasonable inferences therefrom in favor of Loeffelholz, we conclude that the trial court erred by concluding as a matter of law that the comment was not sufficient to constitute a discriminatory act for purposes of Loeffelholz's hostile work environment claim.
¶ 14 Because Lukehart's comment is the discriminatory act that Loeffelholz claims occurred within the three-year limitations period for her WLAD hostile work environment claim, the date on which Lukehart made the comment is critical to the viability of Loeffelholz's hostile work environment claim. The record does not reflect the precise date on which he made the comment. The record does, however, reflect that Lukehart made the comment during the last group meeting before he was deployed to Iraq and that his last day of work at UW before his deployment was June 23, 2006. This creates an inference that the comment was made after May 13, 2006 and therefore was within the three years preceding the filing of the suit on May 13, 2009. Accordingly, the summary judgment dismissal of Loeffelholz's hostile work environment claim was error and must be reversed.
¶ 15 A determination of the date the comment was made will also determine whether, if applied to Loeffelholz's hostile work environment claim, the WLAD amendment needs to be applied retroactively or only prospectively. The amendment to the WLAD adding sexual orientation as a prohibited basis of discrimination was enacted in 2006.[14] The amendment was effective June 7, 2006, or more precisely, midnight on June 6, 2006.[15] If Lukehart's comment about coming back from Iraq an angry man was made prior to June 7, 2006, application of the WLAD amendment to Loeffelholz's hostile work environment claim would constitute a retroactive application of the amendment. If, however, the comment was made after the effective date of the amendment, then application of the amendment to Loeffelholz's claim entails only a prospective application of the amendment.
¶ 16 Retroactive application of an amendment is proper only under certain circumstances. We presume that a statute applies prospectively unless it is curative or remedial in nature or unless the legislature provides for retroactive application.[16] "A remedial statute is one which relates to practice, procedures, and remedies."[17] A curative amendment is one that clarifies or technically corrects an ambiguous statute.[18] Further, a statute which creates a new right of action applies prospectively only.[19]
¶ 17 When an amendment does not contain an express statement of whether it is retroactive, we may look to legislative bill reports to ascertain legislative intent on retroactivity.[20] The final bill report on the WLAD amendment states that, by virtue of the amendment, the WLAD "is expanded to *488 prohibit discrimination based on a person's sexual orientation."[21] This language shows a legislative intent to create a new cause of action by virtue of the amendment.[22] Accordingly, the amendment can have prospective application only. If it is determined that Lukehart made the comment that he would return from Iraq a very angry man was made prior to the effective date of the amendment, then Loeffelholz cannot maintain her hostile work environment claim because applying the amendment to her claim would constitute a retroactive application of the amendment. If, however, it is determined that Lukehart made the comment after the effective date of the amendment, then the amendment can properly be applied to her claim, because such application would be prospective.
¶ 18 We reverse the trial court's order granting summary judgment in favor of UW and Lukehart and remand this matter for further proceedings consistent with this opinion.[23]
WE CONCUR: ELLINGTON and BECKER, JJ.
NOTES
[1] Braaten v. Saberhagen Holdings, 165 Wash.2d 373, 383, 198 P.3d 493 (2008).
[2] CR 56(c).
[3] Braaten, 165 Wash.2d at 383, 198 P.3d 493.
[4] Antonius v. King County, 153 Wash.2d 256, 261, 103 P.3d 729 (2004).
[5] Antonius, 153 Wash.2d at 261-62, 103 P.3d 729.
[6] 153 Wash.2d 256, 261, 103 P.3d 729 (2004).
[7] 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).
[8] Morgan, 536 U.S. at 115, 122 S.Ct. 2061 (citations omitted).
[9] Morgan, 536 U.S. at 117, 122 S.Ct. 2061.
[10] Antonius, 153 Wash.2d at 264, 103 P.3d 729 (citing Morgan, 536 U.S. at 117, 122 S.Ct. 2061).
[11] Broyles v. Thurston County, 147 Wash.App. 409, 437, 195 P.3d 985 (2008).
[12] Broyles, 147 Wash.App. at 437, 195 P.3d 985.
[13] Antonius, 153 Wash.2d at 264, 103 P.3d 729 (quoting Morgan, 536 U.S. at 117, 122 S.Ct. 2061).
[14] LAWS OF 2006, ch. 4, § 2.
[15] LAWS OF 2006, at ii (see (5)(a) setting out the effective date).
[16] Densley v. Department of Ret. Sys., 162 Wash.2d 210, 223, 173 P.3d 885 (2007).
[17] State v. McClendon, 131 Wash.2d 853, 861, 935 P.2d 1334 (1997).
[18] Washington State Farm Bureau Fed'n v. Gregoire, 162 Wash.2d 284, 303, 174 P.3d 1142 (2007).
[19] Johnston v. Beneficial Mgmt. Corp. of America, 85 Wash.2d 637, 641, 538 P.2d 510 (1975).
[20] Barstad v. Stewart Title Guar. Co., Inc., 145 Wash.2d 528, 537, 39 P.3d 984 (2002).
[21] FINAL B. REP. on Engrossed Substitute H.B. 2661, at 2, 59th Leg., Reg. Sess. (Wash. 2006).
[22] The trial court concluded, as an alternative basis for granting summary judgment in favor of Lukehart and UW, that the amendment created a new cause of action.
[23] We need not and do not address UW's and Lukehart's claim that Loeffelholz's argument is based on inadmissible hearsay that was the subject of Lukehart's motion to strike. Lukehart's comment about returning from Iraq a very angry man was not among the statements Lukehart moved to strike.