

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| KRIS BARRY KILBOURNE and BRIGETTE LYNN KILBOURNE, and the community thereof, | ) ) ) ) | No. 76461-6-I |
| | ) | DIVISION ONE |
| Appellants, | ) ) ) | |
| v. | ) ) | |
| CITY OF EVERETT, | ) ) | UNPUBLISHED |
| Respondent. | ) ) ) | FILED: May 21, 2018 |

Cox, J. — RCW 4.16.080(2), the general statute of limitations, governs an action "for any other injury to the person or rights of another not [otherwise] enumerated." The claims that Kris and Brigette Kilbourne assert in this action are within the scope of this statute. Because this statute bars their claims, summary dismissal was proper. We affirm.

Kris Kilbourne was employed as a police officer with the City of Everett. In March 2006, he suffered a shoulder injury while working and filed for workers' compensation benefits. For the next four years, he was intermittently on disability or light duty due to disability from his shoulder injury and other non-work related injuries. His last day of work was June 30, 2010.

On January 3, 2011, the City informed Kilbourne by letter that because he was still disabled, it could no longer hold his police officer position open for him. It proposed January 10, 2011, as his last day of employment and encouraged him to contact human resources if he had questions about insurance benefits or the LEOFF II (Law Enforcement Officers and Fire Fighters II) retirement system. The letter informed him that he had a right to respond, and to meet with City representatives. The letter was signed by the Police Chief and Sharon DeHaan, the City's director of labor relations and human resources.

After meeting with City officials, Kilbourne wrote a letter resigning/retiring, effective January 21, 2011.

On April 2, 2012, Kilbourne wrote to DeHaan stating that he had recovered and requesting reinstatement. DeHaan responded but did not offer to reinstate Kilbourne.

On July 23, 2012, Kilbourne again wrote to DeHaan requesting reinstatement. He stated "I need a decision either way. If that decision is yes, I am available to return to work. If that decision is a negative response, then I need to seek employment somewhere else." He asked for a response within the next 15 days.

On August 1, 2012, DeHaan sent her response in a letter to Kilbourne. She informed him that the City "[did] not plan to reinstate [his] employment with the Everett Police Department."

On January 23, 2014, and again on January 25, 2016, Kilbourne's attorneys wrote to the City protesting the August 1, 2012 decision not to rehire

2

him. The City's only response was to provide Kilbourne's attorneys with his personnel file, as they requested.

On April 21, 2016, Kilbourne commenced this action, alleging violations of RCW 41.26.470(2) and seeking reinstatement, lost wages, money damages, and attorney fees. The City moved for summary judgment, arguing that Kilbourne's claim was time-barred. The trial court agreed, granted summary judgment in favor of the City, and dismissed Kilbourne's complaint with prejudice.

Kilbourne appeals.

## STATUTE OF LIMITATIONS

Kilbourne argues that the trial court erred in granting summary judgment because there are genuine issues of material fact whether his claim was barred by the statute of limitations. We disagree and hold that this claim is barred by the three-year statute of limitations.

"[S]ummary judgment is appropriate where there is 'no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'"[1] In reviewing the trial court's order of summary judgment, this court considers "all facts and inferences . . . in a light most favorable to the nonmoving party."[2]

---

[1] Elcon Constr., Inc. v. E. Washington Univ., 174 Wn.2d 157, 164, 273 P.3d 965 (2012) (quoting CR 56(c)).

[2] Green v. A.P.C. (American Pharmaceutical Co.), 136 Wn.2d 87, 94, 960 P.2d 912 (1998).

We review de novo a trial court's summary judgment order.[3] We also review de novo the statute of limitations applicable to a claim and whether that statute bars a plaintiff's action.[4]

Kilbourne contends that he is entitled to relief because the City violated his right to reinstatement, allegedly conferred in RCW 41.26.470(2). That statute provides in part that:

> Any member who receives an allowance under the provisions of this section shall be subject to such comprehensive medical examinations as required by the department. If such medical examinations reveal that such a member has recovered from the incapacitating disability and the member is no longer entitled to benefits under Title 51 RCW, the retirement allowance shall be canceled and the member shall be restored to duty in the same civil service rank.[5]

It further provides that if "the department determines that the member is able to return to service, the member is entitled to notice and a hearing [and] [b]oth the notice and the hearing shall comply with the requirements of chapter 34.05 RCW, the administrative procedure act."[6]

---

[3] Elcon Constr., Inc., 174 Wn.2d at 164.

[4] Woodword v. Taylor, 185 Wn. App. 1, 6, 340 P.3d 869 (2014), rev'd on other grounds, 184 Wn.2d 911, 366 P.3d 432 (2016).

[5] RCW 41.26.470(2).

[6] Id.; see generally Tucker v. Dep't of Ret. Sys., 127 Wn. App. 700, 704-05, 113 P.3d 4 (2005).

Without citation to authority, Kilbourne argues that no statute of limitations applies to his complaint because RCW 41.26.470(2) does not contain a limitations period. He is wrong, as precedent makes clear.[7]

In Helgeson v. City of Marysville, Melvin Helgeson, a former fire fighter, brought an action against his employer, the City of Marysville, to set aside a settlement agreement concerning Helgeson's claim for LEOFF disability retirement.[8] Helgeson argued that no statute of limitations barred his claim because the applicable LEOFF statute did not contain a limitation provision.[9] This court rejected his argument and instead applied the three-year limitation period in RCW 4.16.080(2).[10]

This statute provides that a three-year limitations period applies to

. . . .

(2) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or *for any other injury to the person or rights of another not hereinafter enumerated*.

Kilbourne fails to advance any persuasive argument why this statute does not control here. We address, in turn, each of his unpersuasive arguments.

---

[7] Helgeson v. City of Marysville, 75 Wn. App. 174, 185-86, 881 P.2d 1042 (1994).

[8] 75 Wn. App. 174, 176-79, 881 P.2d 1042 (1994).

[9] Id. at 185.

[10] Id. at 185-86; accord Bowles v. Wash. Dep't of Ret. Sys., 121 Wn.2d 52, 78-79, 847 P.2d 440 (1993).

## EQUITABLE TOLLING

Kilbourne argues that, even if the three-year statute applies, it was "tolled as a matter of equity because the cumulative facts show the City provided [him] with false assurances and failed to follow proper procedures regarding his reinstatement entitlement." He claims that genuine issues of material fact remain regarding the extent to which the City's false assurances and failure to provide due process misled and confused him. He is wrong because there are no genuine issues of material fact here.

The doctrine of equitable tolling may apply and extend a statutory deadline if the plaintiff can show that the delay was caused by the defendant's "bad faith, deception, or false assurances . . . and the exercise of diligence by the plaintiff."[11] Courts apply the doctrine sparingly, and it does not apply to cases of "garden variety" excusable neglect.[12]

Here, the doctrine of equitable tolling does not apply because any allegedly false assurances were made by the City in January 2011, long before Kilbourne sought reinstatement. The City's August 1, 2012 letter expressly states that the City did not plan to reinstate him. Kilbourne fails to point to any actions by the City after that point that allegedly misled him or caused him to

---

[11] Millay v. Cam, 135 Wn.2d 193, 206, 955 P.2d 791 (1998).

[12] City of Bellevue v. Benyaminov, 144 Wn. App. 755, 761, 183 P.3d 1127 (2008).

delay filing his lawsuit.[13] Thus, whether there were false assurances is not material for summary judgment purposes.

Kilbourne claims that he had a property interest in his job as a tenured civil servant. He then argues that, because RCW 41.26.470(2) states that an employee is entitled to notice and hearing if the Department of Retirement Systems determines that he is able to return to service, he should also be entitled to notice and hearing when he was denied reinstatement. He further argues that because it was unclear how he could get reinstated, he should be "given the benefit of the doubt and allowed to proceed with a claim."

His argument concerning entitlement to notice and a hearing regarding denial of reinstatement is simply not supported by the plain words of the statute on which he relies. Specifically, RCW 41.26.470(2) speaks to notice and a hearing for actions of the Department of Retirement Systems, a state agency, not the City. This argument is without merit.

Kilbourne simply fails to show either a duty of the City to inform him of how to reapply for reinstatement or how any failure by the City to so inform him caused him to delay filing his complaint.[14] This argument is thus without merit.

Kilbourne also argues that the limitations period should be equitably tolled because the August 1, 2012 letter did not definitively deny any potential reinstatement. This argument is defeated by the record.

---

[13] See Danzer v. Dep't of Labor and Industries, 104 Wn. App. 307, 318-19, 16 P.3d 35 (2000).

[14] See id.; Helgeson, 75 Wn. App. at 187.

First, the August 1, 2012 letter is clear on its terms. It informs Kilbourne that the City has no plans to reinstate him, that he is welcome to apply for any open positions, and that it wishes him good luck with his "job search." Second, that letter was in response to Kilbourne's own July 23, 2012 letter where he asked for a "decision either way [and] [i]f that decision is a negative . . . I need to seek employment somewhere else." Finally, Kilbourne's counsel acknowledged that the August 1, 2012 letter was a "rejection of reinstatement," and it characterized the City's actions as "termination of employment" "refusal to reinstate" and a refusal of Kilbourne's "request to return to work." There simply is no lack of clarity in this letter.

Kilbourne next argues that equitable tolling is warranted because the City did not offer an explanation for its decision or offer him a hearing. He contends that it was reasonable for him to rely on the City's administrators to guide him through the reinstatement process. And he contends that the City failed to follow the statutory requirements for reinstatement, notice and hearing.

But these claims go to the merits of Kilbourne's complaint. The merits are only relevant to the extent they impact the applicable limitations period.[15] Kilbourne has cited to no case law supporting his argument that the City's failure to follow the provisions of RCW 41.26.470(2) should toll the limitations period. In

---

[15] See Ur-Rahman v. Changchun Development, Ltd., 84 Wn. App. 569, 573, 928 P.2d 1149 (1997).

the absence of any showing that the City's actions caused Kilbourne to delay filing his complaint, there is no basis to apply the doctrine of equitable tolling.[16]

## DISCOVERY RULE

Kilbourne further claims that the statute of limitations was tolled under the discovery rule based on the City's concealment of information giving rise to his claim and the denial of his due process rights. The discovery rule does not apply to this case.

In general, the statute of limitation begins to run when a cause of action accrues.[17] "[A] cause of action accrues when [a] party has the right to apply to a court for relief."[18] Because, in some circumstances, a plaintiff may be "unaware of harm sustained," a strict application of the general rule could be unjust.[19] "To avoid this injustice, courts have applied a discovery rule of accrual, under which the cause of action accrues when the plaintiff discovers, or in the reasonable exercise of diligence should discover, the elements of the cause of action."[20] Once the plaintiff learns of "appreciable harm" caused by another, he or she must

---

[16] Douchette v. Bethel Sch. Dist. No. 403, 117 Wn.2d 805, 812, 818 P.2d 1362 (1991); Danzer, 104 Wn. App. at 319; Helgeson, 75 Wn. App. at 187.

[17] 1000 Virginia Ltd. Partnership v. Vertecs Corp., 158 Wn.2d 566, 575, 146 P.3d 423 (2006) (citing RCW 4.16.005)).

[18] Id.

[19] Id.

[20] Id. at 575-76.

use reasonable diligence to seek to discover the scope of that harm and will be charged with knowing whatever a reasonable inquiry would have disclosed.[21]

Kilbourne argues that summary judgment was improper because "when a plaintiff discovers a cause of action," or whether he or she "exercised 'reasonable diligence' to discover the action, is generally a question of fact." He relies on Cawdrey v. Hanson Baker Ludlow Drumheller, P.S., as support for this contention.[22] But in that case, this court observed that the date of discovery may be determined on summary judgment if reasonable minds could not differ. The court observed:

> It is true that when a plaintiff discovered a cause of action, or whether a plaintiff exercised reasonable diligence to discover the action, is generally a question of fact. ***But if reasonable minds could not differ, it is a question of law.***[23]

The court determined that the limitations period for Elizabeth Cawdrey's legal malpractice action could be determined as a matter of law because reasonable minds could not differ as to when she either knew or could have known with reasonable diligence that the allegedly wrongful transactions took place.[24]

The plain words of the August 1, 2012 letter show that reasonable minds could not differ that Kilbourne was then on notice of the claim he asserts here.

---

[21] Id. at 581.

[22] 129 Wn. App. 810, 818, 120 P.3d 605 (2005).

[23] Id. (emphasis added).

[24] Id. at 817-18.

Kilbourne argues that an issue of material fact remained because the City failed to inform him of his eligibility for benefits. He contends that the City's misrepresentations and concealment meant he did not know that he had lost his right to restatement. He relies on Samuelson v. Community College District No. 2, as support for these contentions, but his reliance is misplaced.[25]

In Samuelson, Donald Samuelson was never told he was eligible for the retirement plan, and he claimed that the college's failure to inform him about the plan caused him to lose benefits.[26] The trial court granted summary judgment based on the statute of limitations, but Division Two of this court reversed.[27]

The court noted that, in general, the "statutes of limitations operate upon the premise that when an adult has a justiciable grievance, he usually knows it."[28] That premise was inapplicable in Samuelson's case because he apparently had no knowledge that he was eligible for the retirement plan until other employees told him about it.[29] "He was relying, as most employees do, on his employer to inform him of his eligibility for certain benefits."[30] Thus, summary judgment was improper because there was a genuine issue of material fact when Samuelson,

---

[25] 75 Wn. App. 340, 877 P.2d 734 (1994).

[26] 75 Wn. App. at 343-44.

[27] Id. at 346-47.

[28] Id. at 346.

[29] Id.

[30] Id.

through due diligence should have discovered his eligibility to participate in the plan.[31]

Here, unlike in Samuelson, Kilbourne knew that he was a member of LEOFF II and, at least as of August 1, 2012, he knew the City was refusing to reinstate him.

Kilbourne's reliance on Loeffelholz v. University of Washington is equally misplaced.[32] Kilbourne argues that, similar to Loeffelholz, "a genuine issue of material fact exists . . . regarding the exact date, if any, on which a definitive denial of reinstatement was made to [him] by the City." He is again wrong.

Debra Loeffelholz sued the University of Washington for hostile work environment based on a supervisor's discriminatory statements.[33] Although the allegedly discriminatory conduct took place over a period of time, it was a question of fact whether any discriminatory statements were made within the three-year limitations period.[34]

Here, there is no question that the City's allegedly wrongful conduct occurred on or before August 1, 2012.

In Retired Public Employees Council of Washington v. State Department of Retirement Systems, the supreme court considered and rejected arguments

---

[31] Id. at 346-47.

[32] 162 Wn. App. 360, 253 P.3d 483 (2011), aff'd in part, rev'd in part, 175 Wn.2d 264, 285 P.3d 854 (2012).

[33] Id. at 365.

[34] Id. at 367-68.

similar to those made by Kilbourne.[35] The Retired Public Employees Council of Washington, an organization that advocates for retirees receiving benefits under the Public Employment Retirement System, brought an action to compel the Department of Retirement Systems to pay cost of living adjustments (COLA).[36]

The supreme court determined that the applicable statute of limitations was three years, and it was triggered at the point a COLA was denied for any one year.[37] The statute of limitations was triggered at that point because the retired employees knew they were members of the retirement plan and they knew they had not received a COLA.[38] The court distinguished Samuelson because Daniel Samuelson did not know that "he was eligible for membership in the pertinent pension plan" and a reasonable person in his position would have had no reason to inquire about benefits.[39]

Finally, Kilbourne cites to Gillespie v. Seattle-First National Bank, as support for his contention that the statute of limitations should not bar his claim because he was "unsophisticated when it came to his rights" and he justifiably relied on the City's administrators for guidance.[40] Gillespie is distinguishable.

---

[35] 104 Wn. App. 147, 150-53, 16 P.3d 65 (2001).

[36] Id. at 149.

[37] Id. at 150-53.

[38] Id. at 151.

[39] Id. at 152.

[40] 70 Wn. App. 150, 855 P.2d 680 (1993).

That case involved claims against Seattle-First National Bank for mismanagement of a trust estate.[41] The court considered the unique, thirty-year fiduciary relationship between a trustee and the trust's beneficiaries.[42] The court recognized that in such cases the beneficiary necessarily relies on the trustee's expertise "for complex financial, legal, accounting or other professional advice."[43] Therefore, even if the beneficiary knows that the trust experienced a loss, he or she is not charged with knowledge of a potential claim.[44] The beneficiary is entitled to rely on the trustee's advice and is not required to consult with a second expert just to determine whether he or she might have a claim for professional malpractice.[45]

Here, the City and Kilbourne did not have a fiduciary relationship. Thus, that case has no bearing on this one.

Kilbourne also claims that he did not discover his injury until he spoke with an attorney, but that claim is defeated by the clear language in the August 1, 2012 letter. Because Kilbourne knew of the factual basis of his claim on that date, the statute of limitations period was not postponed until he became fully aware of his legal rights and remedies.[46] As noted by the supreme court:

---

[41] Id. at 153-54.

[42] See generally id. at 161-73.

[43] Id. at 171.

[44] Id. at 170-71.

[45] Id.

[46] 1000 Virginia Ltd. Partnership, 158 Wn.2d at 576; see Green, 136 Wn.2d at 95-96.

> The key consideration under the discovery rule is the factual, not the legal, basis for the cause of action. The action accrues when the plaintiff knows or should know the relevant facts, whether or not the plaintiff also knows that these facts are enough to establish a legal cause of action. Were the rule otherwise, the discovery rule would postpone accrual in every case until the plaintiff consults an attorney.[47]

### DUE PROCESS

Without citation to authority, Kilbourne argues that even if the statute of limitations was not tolled under the equitable tolling doctrine or the discovery rule, he was deprived of a protected interest in his position with the City and he was denied a hearing regarding that deprivation. Thus, he argues that summary judgment must be reversed as a matter of equity and fairness and to protect his due process rights. Because Kilbourne fails to cite to any authority holding that an alleged violation of due process tolls the limitations period, we reject this argument on that basis.[48]

We affirm the trial court's order granting summary judgment.

_Cox, J._

WE CONCUR:

_Mann, A.C.J._          _Becker, J._

---

[47] Allen v. State, 118 Wn.2d 753, 758, 826 P.2d 200 (1992).

[48] RAP 10.3(a)(6); Darkenwald v. Emp't Sec. Dep't, 183 Wn.2d 237, 248, 350 P.3d 647 (2015); State v. Bello, 142 Wn. App. 930, 932 n.3., 176 P.3d 554 (2008).