[No. 4901–1.    Division One.    October 24, 1977.]

DIXIE L. MENTRY, *Appellant,* v. RICHARD SMITH,
ET AL, *Respondents.*

*Manza, Moceri, Gustafson & Messina, J. Patrick Duffy, Jr.,* and *Michael S. Manza,* for appellant.

*Davies, Pearson, Anderson, Seinfeld, Gadbow, Hayes & Johnson* and *Bertil F. Johnson,* for respondents.

FARRIS, C.J.—Dixie L. Mentry suffered personal injuries in an automobile accident in Oregon. She appeals from a summary judgment declaring the Oregon guest statute to be applicable and dismissing her complaint with prejudice.

On August 9, 1974, Richard and Bethel Smith, husband and wife, and their daughter, Dixie Mentry, all residents of Buckley, Washington, drove to Medford, Oregon, to attend a family reunion. The accident occurred on August 13 near Roseburg, Oregon, as the family was returning home on Interstate 5. Bethel Smith, driving the Smiths' pickup truck, attempted to pass an automobile being driven by one Consuelo Sewell of Roseburg, lost control, and struck the center divider causing the pickup to flip over and collide with the Sewell vehicle. Both Sewell and Mentry were injured.

Under Oregon law, a host–driver is not liable to his guest for ordinary negligence.

No person transported by the owner or operator of a motor vehicle, an aircraft, a watercraft, or other means of conveyance, as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in

case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication. As used in this section:

. . .
(2) "Gross negligence" refers to negligence which is materially greater than the mere absence of reasonable care under the circumstances, and which is characterized by conscious indifference to or reckless disregard of the rights of others.

Ore. Rev. Stat. § 30.115. Washington repealed a similar statute before the accident occurred.

Mentry filed suit in Washington. The trial court dismissed her complaint holding: (1) the substantive law of Oregon, including the Oregon guest statute, should apply, and (2) Bethel Smith's conduct did not as a matter of law constitute gross negligence under Ore. Rev. Stat. § 30.115. The threshold question is whether Oregon or Washington law should be applied.

■■ The Supreme Court in *Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 555 P.2d 997 (1976), reiterated its rejection of the lex loci delecti choice–of–law rule in favor of the most significant relationship rule of the Restatement (Second) of Conflict of Laws (1971). It quoted section 145 which sets out the general principles to be applied to a tort choice–of–law problem:

(1) The rights and liabilities of the parties with respect to an issue in tort are *determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.*
(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
    (a) the place where the injury occurred,
    (b) the place where the conduct causing the injury occurred,
    (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
    (d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue. *Johnson v. Spider Staging Corp., supra* at 580–81. As in *Johnson,* we summarize the contacts with each state involved:

| Washington | Oregon |
|---|---|
| 1. All parties to this action are domiciliaries and residents of Washington. | 1. The site of the accident was in Oregon. |
| 2. The relationship between the parties is centered in Washington. | 2. An Oregon resident, driving an automobile registered in Oregon, was injured in the same accident. |
| 3. The trip originated and was to terminate in Washington. | 3. An independent lawsuit was filed in Oregon by the Oregon resident against the Smiths. |
| 4. The vehicle in which all parties were riding was registered and insured in Washington. | 4. The purpose of the trip was a family reunion in Oregon. |

Contacts are not merely counted; they are evaluated to determine which ones are most significant. The Smiths assert that in a two–car collision the residence of the driver of the second car is crucial in making a choice of laws. This, they argue, is especially true when that driver has been injured and has filed suit in her home state. Were Ms. Sewell, the Oregon driver, a party to this action, that argument might be more persuasive; but she is not. While her involvement in the accident will be put on the scale, it will be given very little weight. We agree with the Second Circuit, which, applying New York law, considered the significance of a second vehicle in a guest–host suit and concluded that it was an "extraneous factor":

In *Tooker* [24 N.Y.2d 569, 249 N.E.2d 394, 301 N.Y.S.2d 519 (1969)], the court . . . concluded that the presence of third–party "non–guests" was irrelevant to the application of a state's guest statute, at least where the guest statute allows recovery for gross negligence. . . . Likewise, we conclude that the residence of the passengers in the second car, or even the fact that there was a second car, is irrelevant to the choice of laws which the New York courts would make in this case.

(Citations omitted.) *Pryor v. Swarner,* 445 F.2d 1272, 1275 (2d Cir. 1971). When the contacts are balanced, Washington has the most significant relationship to the occurrence and the parties.

In conjunction with the most significant relationship rule, the court in *Johnson* also employed state interest analysis. Accordingly, we will consider whether Washington or Oregon has a legitimate interest in having its law applied on the basis of the law's purpose and whether the law's application would advance that purpose. The Smiths claim that the policies behind the Oregon guest statute are two-fold: (1) to assure the priority of injured third parties in the assets of a negligent host, and (2) prevent collusive suits against insurance companies. We reject the Smiths' contention that a purpose of the statute is to protect the recovery fund for injured nonguests, and find that Oregon's policy of preventing collusive suits is not furthered by application of Oregon law to the case at bar. In so doing, we adopt the reasoning of the New York Court of Appeals in *Tooker v. Lopez,* 24 N.Y.2d 569, 575, 249 N.E.2d 394, 301 N.Y.S.2d 519 (1969):

If the purpose of the statute is to protect the rights of the injured "non–guest", as opposed to the owner or his insurance carrier, we fail to perceive any rational basis for predicating that protection on the degree of negligence which the guest is able to establish. The only justification for discrimination between injured guests which can withstand logical as well as constitutional scrutiny . . . is that the legitimate purpose of the statute—prevention of fraudulent claims against local insurers or the protection of local automobile owners—is furthered by

increasing the guest's burden of proof. This purpose can never be vindicated when the insurer is a New York carrier and the defendant is sued in the courts of this State. Under such circumstances, the jurisdiction enacting such a guest statute has absolutely no interest in the application of its law.

(Citations omitted.) The effect of the repeal of the Washington guest statute is not now before the court, but Washington has a legitimate interest in the application of its law.

Our holding makes it unnecessary to consider the issue of whether Bethel Smith's conduct as a matter of law constituted gross negligence under the Oregon guest statute.

Reversed and remanded.

WILLIAMS and ANDERSEN, JJ., concur.