[No. 14755-0-III. Division Three. July 2, 1996.]

TRINA ELLIS, ET AL., *Appellants*, v. RON BARTO, ET AL., *Respondents*.

*James A. Domanico* and *Crary, Clark & Domanico, P.S.*, for appellants.

*John C. Riseborough, Simon R. Collins,* and *Paine, Hamblen, Coffin, Brooke & Miller,* for respondents.

THOMPSON, J.. — Trina and Scott Ellis appeal the summary judgment dismissal of their tort action against Ron Barto and Monte Bohn. The action arose out of a motor vehicle collision in Idaho and was dismissed on the grounds it was barred by Idaho's two–year statute of limitations. Ellises contend the trial court erred by not applying Washington's three–year limitation period. We affirm.

## FACTS

Ms. Ellis and a friend, both Washington residents, were in Coeur d'Alene, Idaho on July 11, 1991 for a day visit. Ms. Ellis was on her way back to Spokane when her vehicle and a pickup being driven by Mr. Barto collided on a Coeur d'Alene street.[1] The pickup was owned by Mr. Bohn who was Mr. Barto's passenger at the time. Mr. Barto and Mr. Bohn, both Washington residents, were also in Coeur d'Alene for the day. Both vehicles were registered in Washington and both drivers were licensed in Washington.

On June 27, 1994, Ellises commenced this action in

---

[1]In their complaint, Ellises allege the Bohn pickup struck the vehicle being driven by Ms. Ellis. In his affidavit, Mr. Barto stated the Ellis vehicle struck Mr. Bohn's pickup.

Spokane County, Washington against Mr. Barto and Mr. Bohn, alleging negligence by Mr. Barto in striking the Ellis vehicle. After answering the complaint, Mr. Barto and Mr. Bohn moved for dismissal, contending the Idaho statute of limitations barred the action. The trial court granted the motion and denied Ellises' request for reconsideration. Ellises then commenced this appeal.

## ANALYSIS

■ Standard of Review. In deciding Mr. Barto's motion to dismiss, the trial court considered the pleadings as well as materials submitted by both parties. The material facts were undisputed and the court ruled as a matter of law that the Idaho statute of limitations applied. Accordingly, this court reviews the order of dismissal as a summary judgment and engages in the same inquiry as the trial court. *Syrovy v. Alpine Resources, Inc.*, 122 Wn.2d 544, 548 n.3, 859 P.2d 51 (1993). Issues of law are reviewed de novo. *Id.*

■■ Conflict of Laws Methodology. A choice of law determination is made only if there is an actual conflict between the laws or interests of Washington and the laws or interests of another state. *Burnside v. Simpson Paper Co.*, 123 Wn.2d 93, 100-01, 864 P.2d 937 (1994). Differences in limitation periods are not subject to conflict of law methodology. *Rice v. Dow Chem. Co.*, 124 Wn.2d 205, 210, 875 P.2d 1213 (1994). Here, the conflicting laws identified are the differences between Washington's and Idaho's (a) liability limits of vehicle owners for the negligence of third persons operating their vehicle with permission, (b) comparative fault statutes, and (c) rules governing vehicle turnarounds.

■ Choice of Substantive Law. Washington has adopted the Uniform Conflict of Laws—Limitations Act. It provides that if a claim is substantively based upon the law of an-

other state, the limitation period of that state applies. RCW 4.18.020(1)(a).[2]

■■ For purposes of determining which state's substantive law applies to the merits of a tort claim, Washington has adopted the most significant relationship rule. *Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 580, 555 P.2d 997 (1976). Therefore, in personal injury actions, the substantive law of the state where the injury occurs applies, unless with respect to the particular issue, some other state has a more significant relationship to the occurrence and the parties. *Bush v. O'Connor*, 58 Wn. App. 138, 144, 791 P.2d 915 (citing RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 146 (1971)), *review denied*, 115 Wn.2d 1020 (1990). For purposes of determining which state has the most significant relationship, the following factors are relevant:

  (b)   the relevant policies of the forum,
  (c)   the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
  (d)   the protection of justified expectations,
  (e)   the basic policies underlying the particular field of law,
  (f)   certainty, predictability and uniformity of result, and
  (g)   ease in determination and application of the law to be applied.

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6 (1971).

■ Based on the relevant factors, we find that Washington did not have a more significant relationship to the accident at issue than Idaho. Every state has adopted rules of the road which govern the responsibilities and liabilities

---

[2]An exception is made, and Washington's limitation period applies, if the court determines that the other state's limitation period is substantially different from this state's limitation period and a fair opportunity to sue or defend has not been afforded. RCW 4.18.040.

of those driving within its boundaries and most drivers expect to be bound by those rules. When an accident occurs, the purpose of these rules and the policies behind them are best achieved by applying local law. Although a forum state has an interest in protecting its residents generally, as well as establishing requirements for licensing, registering and insuring motor vehicles and drivers domiciled within the state, such interest does not extend so far as to require application of the forum state's rules of the road to an accident not occurring within its boundaries. Idaho has the most significant relationship to the driving conduct at issue and the rights and liabilities of the parties with respect to their violation or adherence to the rules of the road.

As to the issue of contributory fault, the general rule is that the local law of the state where the conduct and injury occurred determines whether the plaintiff's conduct amounted to contributory fault and whether the effect of the fault precludes recovery in whole or in part. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 164 (1971). Here, both the alleged conduct and injury occurred in Idaho. Based on a consideration of the facts presented, the Idaho rule governing contributory fault applies. The same is true as to the substantive law governing the liability of the owners of vehicles being driven by third parties.

We hold that pursuant to RCW 4.18.020(1)(a) and the most significant relationship rule, the limitation period of the state of Idaho applies to this lawsuit because the substance of Ellises' claim is governed by Idaho law. *Mentry v. Smith*, 18 Wn. App. 668, 571 P.2d 589 (1977), cited by Ellises, does not provide persuasive authority to the contrary.

At issue in *Mentry* was whether the host/guest statute of Oregon applied to bar a negligence action brought by a daughter against her father and arising out of an accident in Oregon. The daughter was a passenger in a vehicle being driven by her mother and the Oregon statute barred the action unless there was gross negligence. Washington

had repealed a similar statute before the accident occurred. Based primarily on a state interest analysis, the court applied Washington law.

As stated in *Mentry*, in ascertaining which state has the most significant relationship to an occurrence, "[c]ontacts are not merely counted; they are evaluated to determine which ones are most significant." *Id.* at 671. In *Mentry*, the familial relationship between the parties was the most significant fact and that relationship was centered in Washington. The court determined that Washington's interest in not having the host/guest statute apply to its residents was more significant than Oregon's interest in having its host/guest statute apply to a nonresident traveling through the state. The same cannot be said with regard to local rules of the road and liability issues arising from a violation of those rules.

We affirm.

SWEENEY, C.J., and MUNSON, J., concur.

Review denied at 130 Wn.2d 1026 (1997).