# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

CLAIRE C. WOODWARD, a single Individual,

Appellant,

v.

AVA A. TAYLOR and "JOHN DOE" TAYLOR, wife and husband, and THOMAS G. KIRKNESS and "JANE DOE" KIRKNESS, husband and wife,

Respondents.

No. 70949-6-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: October 6, 2014

TRICKEY, J. — Under the Uniform Conflict of Laws-Limitations Act, chapter 4.18 RCW, the statute of limitations of the state where the claim is substantively based applies. Here, while the driver, the passengers and the vehicle owner were from Washington, the automobile accident occurred in Idaho. We conclude the injured passenger's suit is based in Idaho's interest in its rules of the road and the conduct on those roads. We affirm the trial court's dismissal of the claim as barred by Idaho's two-year statute of limitations.

## FACTS

On March 27, 2011, Claire Woodward, Angelina Miller, and Katherine Kirkness were passengers in a car driven by Ava Taylor.[1] Thomas Kirkness owned the car, which he had loaned to his daughter, Katherine, for the group's trip from Washington to Las Vegas, Nevada.[2] Returning from Las Vegas, the

---

[1] Clerk's Papers (CP) at 2-3.
[2] CP at 2-3.

group was travelling west on Interstate 84, near Lake Mountain Home in Ada County, Idaho, when the accident occurred.[3]

Snow was visible on the sides of the road and the road was slick with ice.[4] Earlier the travelers had witnessed a car in front of them spin out due to the road conditions.[5] Taylor had the cruise control set at 82 m.p.h. on a road in which the posted speed limit was 75 m.p.h.[6]

Taylor encountered a patch of ice, lost control of the car, which rolled over one and half times, coming to rest on its roof.[7] Woodward was tangled in her seatbelt and had to be extricated by responders.[8] Woodward was injured.

Woodward filed suit alleging Taylor was driving too fast for the conditions of the road.[9] She also sued the owner of the vehicle for loaning a car with a defective speedometer.[10] Woodward filed suit in King County, Washington, more than two years but less than three years after the roll-over occurred.

The trial court held Idaho's two-year statute of limitations applied, rather than Washington's three-year statute of limitations and granted judgment on the pleadings, dismissing the action against Taylor.[11] The action against Thomas Kirkness for negligently lending a defective car to the group was not dismissed.

---

[3] CP at 2.
[4] CP at 3.
[5] CP at 3.
[6] CP at 3.
[7] CP at 3.
[8] CP at 3.
[9] CP at 4.
[10] CP at 5.
[11] CP at 88-90.

2

The court entered CR 54(b) findings and this court accepted review of the matter.[12]

## ANALYSIS

In 1983, Washington State adopted the Uniform Conflict of Laws-Limitations Act.[13] RCW 4.18.020(1)(a) provides that if a claim is substantively based on the law of another state, then the limitation period of that state applies.[14] The statute is in accord with section 6 of the Restatement (Second) of Conflict of Laws that a court (subject to constitutional restrictions) follows the statutory directive of its own state on choice of law. This limitation on bringing an action is not generally subjected to an independent conflicts analysis.[15]

Whether a statute of limitations bars a plaintiff's action is typically a question of law that this court reviews de novo. Elllis v. Barto, 82 Wn. App. 454, 457, 918 P.2d 540 (1996). Under RCW 4.18.020, in cases involving disputes over which statute of limitations applies, courts must first determine which state's substantive law forms the basis of the plaintiff's claims. Rice v. Dow Chem. Co., 124 Wn.2d 205, 210, 875 P.2d 1213 (1994).

---

[12] CP at 109-116.

[13] Seven states have adopted the act: Colorado, CRSA 13-82-101 through 13-82-107; Minnesota, MSA 541.30 through 541.36; Montana, MCA 27-2-501 through 27-2-507, Nebraska, NE ST 25-3201 through 25-3207; North Dakota, NDCC 28-01.2-01 through 28-01.2.05, Oregon, ORS 12.410 through 12.480; and Washington, RCW 4.18.010 through 4.28.904.

[14] RCW 4.18.020 states as follows:
   (1) Except as provided by RCW 4.18.040, if a claim is substantively based:
      (a) Upon the law of one other state, the limitation period of that state applies; or
      (b) Upon the law of more than one state, the limitation period of one of those states, chosen by the law of conflict of laws of this state, applies.
   (2) The limitation period of this state applies to all other claims.

[15] Christopher R.M. Stanton, Note, IMPLEMENTING THE UNIFORM CONFLICT OF LAWS-LIMITATIONS ACT IN WASHINGTON, 71 WASH. L.REV. 871, 883 (1996).

Washington courts determine which law applies in a tort action by ascertaining which jurisdiction has the most significant relationship to a given issue. Johnson v. Spider Staging Corp., 87 Wn.2d 577, 580, 555 P.2d 997 (1976). The court "must evaluate the contacts both quantitatively and qualitatively, based upon the location of the most significant contacts as they relate to the particular issue at hand." Martin v. Goodyear Tire & Rubber Co., 114 Wn. App. 823, 830, 61 P.3d 1196 (2003) (citing Johnson, 87 Wn.2d at 581). Johnson set forth the contacts to be evaluated for their relative importance as

(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.

Johnson, 87 Wn.2d at 580-81 (quoting RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145(2) (1971)).

At first glance the contacts in the tort claim in this case appear to be equally divided with the (a) and (b) factors (negligence and injury) both occurring in Idaho while the other two factors, (c) and (d) (residence and relationship), are centered in Washington. But as the Johnson court noted, the factors must be evaluated qualitatively as well as quantitatively. 87 Wn.2d at 581. As stated in Comment e of the Restatement (Second) of Conflict of Laws § 145:

In the case of personal injuries or of injuries to tangible things, the place where the injury occurred is a contact that, as to most issues, plays an important role in the selection of the state of the applicable law . . . when the injury occurred in a single, clearly ascertainable state and when the conduct which caused the injury also occurred there, that state will usually be the state of the applicable law.

To determine which laws apply, Washington uses the "most significant relationship" test. Under that test, the applicable law in a personal injury suit is almost always the law of the place where the injury and the conduct causing the injury occurred. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145. Here, that place is Idaho.

Moreover, the facts here are similar to those found in Ellis, which held that Idaho's law applied to a two car accident that occurred in Idaho even though both drivers were Washington residents who were each separately visiting Coeur d'Alene for one day. In reaching that decision the court noted:

> [I]n personal injury actions, the substantive law of the state where the injury occurs applies, unless with respect to the particular issue, some other state has a more significant relationship to the occurrence and the parties.

Ellis, 82 Wn. App. at 458; see also Bush v. O'Connor, 58 Wn. App. 138, 144, 791 P.2d 915 (1990).

Basing its decisions on the relevant factors found in the Restatement (Second) of Conflict of Laws, the Ellis court noted:

> Every state has adopted rules of the road which govern the responsibilities and liabilities of those driving within its boundaries and most drivers expect to be bound by those rules. When an accident occurs, the purpose of these rules and the policies behind them are best achieved by applying local law. Although a forum state has an interest in protecting its residents generally, as well as establishing requirements for licensing, registering and insuring motor vehicles and drivers domiciled within the state, such interest does not extend so far as to require application of the forum state's rules of the road to an accident not occurring within its boundaries. Idaho has the most significant relationship to the driving conduct at issue and the rights and liabilities of the parties with respect to their violation or adherence to the rules of the road.

82 Wn. App. at 458-59. Under that rationale, Idaho's interest in applying its rules of the road outweighs the two contacts in Washington. As our Supreme Court held, Washington's interest in seeing its residents compensated for injuries is not overriding where other contacts with Washington are minimal. Rice, 124 Wn.2d at 216.

Woodward relies primarily on Mentry v. Smith, 18 Wn. App. 668, 571 P.2d 589 (1977), a case decided before Washington adopted the Uniform Conflict of Laws-Limitations Act in 1983, to support her position that Washington law should apply. But the litigants in Ellis also cited Mentry and the court correctly found it unpersuasive. 82 Wn. App. at 459.

In Mentry, the driver of a Washington vehicle, the mother of the passenger, both of whom were Washington residents, attempted to pass another car driven by an Oregon resident while in Oregon. The Washington vehicle struck the center divider, flipping it over, and colliding with the Oregon vehicle. Mentry, 18 Wn. App. at 669. The passenger brought suit against her mother for injuries sustained in the accident. Mentry, 18 Wn. App. at 670. The trial court ruled Oregon law applied and that the mother's conduct did not as a matter of law constitute gross negligence. Mentry, 18 Wn. App. at 670.

The issue in Mentry was the relationship between the parties and whether Oregon's host-guest statute would apply. If it did, the statute barred the action unless there was gross negligence. Thus, the question before the court was which law applied, Oregon's or Washington's. The Court of Appeals reversed the trial court based on Washington's interest in not having Oregon's host-guest

statute bar the claim. <u>Mentry</u>, 18 Wn. App. at 672-73. Mentry did not involve a statute of limitations question.

In <u>Ellis</u>, as here, it is the violation of the "local rules of the road and [the] liability issues arising from a violation of those rules" that is at issue. 82 Wn. App. at 460. Woodward pleaded violations of Idaho's rules of the road and as such is subject to its statute of limitations.

Affirmed.

Trickey, J

WE CONCUR: