IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| SCOTT SHUPE, | ) | No. 34986-1-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CITY OF SPOKANE, a Washington | ) | |
| municipality, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, J. — Scott Shupe appeals a trial court order dismissing his claims regarding seizure of personal property based on expiration of the statute of limitations. We affirm.

FACTS

This is the third time our court has addressed the circumstances stemming from execution of a search warrant at Mr. Shupe's home on September 10, 2009. The first

appeal pertained to Mr. Shupe's criminal prosecution for various felony marijuana offenses. In that appeal, we held that the search of Mr. Shupe's home was unlawful and that Mr. Shupe had made out a prima facie case to support a medical marijuana defense. *State v. Shupe*, 172 Wn. App. 341, 289 P.3d 741 (2012). As part of our ruling, Mr. Shupe's felony marijuana convictions were reversed and his case was dismissed. *Id.* at 348-63. A mandate on that decision was issued by this court on June 4, 2013, and filed in the trial court on June 14, 2013.

Mr. Shupe's second appeal concerned civil forfeiture proceedings regarding the property seized on September 10, 2009. An initial forfeiture hearing was held during the pendency of Mr. Shupe's criminal prosecution. However, no final order of forfeiture was ever entered and the city of Spokane ultimately returned Mr. Shupe's property voluntarily. Despite the return of his property, Mr. Shupe sought an administrative order from the City's hearing examiner, declaring him the prevailing party and awarding attorney fees. The hearing examiner denied Mr. Shupe's request, explaining that it lacked factual and legal support. We affirmed the hearing examiner's decision on appeal. *Shupe v. Spokane Police Dep't*, No. 33283-7-III, slip op. at 1-2 (Wash. Ct. App. Aug. 4, 2016) (unpublished), https://www.courts.wa.gov/opinions/pdf/332837.unp.pdf.

On August 19, 2016—less than two weeks after our resolution of Mr. Shupe's second appeal—Mr. Shupe filed a civil complaint against the City that forms the basis of the current appeal. In his complaint, Mr. Shupe asserted various claims for monetary damages stemming from the September 10, 2009, search and seizure. The City moved to dismiss, arguing the statute of limitations barred Mr. Shupe's claims. The trial court granted the City's motion and Mr. Shupe appeals.

## ANALYSIS

We review the parties' statute of limitations arguments and the trial court's dismissal order de novo. *San Juan County v. No New Gas Tax*, 160 Wn.2d 141, 164, 157 P.3d 831 (2007); *Ellis v. Barto*, 82 Wn. App. 454, 457, 918 P.2d 540 (1996).

With the exception of Mr. Shupe's inverse condemnation claim, there is no dispute that Mr. Shupe's claims are, at best, governed by a three-year statute of limitations. Mr. Shupe argues this three-year period did not begin until the mandate was issued after his first appeal. According to Mr. Shupe, it was only after his appeal was final that he had a basis to assert lawful possession of the marijuana seized from his property. Mr. Shupe's argument is creative, but unpersuasive. Our resolution of Mr. Shupe's initial appeal was not based on a novel theory of law unavailable back in 2009. We simply interpreted the applicable statute and issued a ruling in Mr. Shupe's favor. Just as Mr. Shupe was able to

3

file challenges in his criminal case prior to his initial appeal, so too was he able to file a claim for civil damages. Mr. Shupe's 2016 complaint for damages fell well outside the three-year statute of limitations.

Perhaps recognizing he has no viable path toward meeting a three-year statute of limitations, Mr. Shupe argues that no such limitations period applies to his inverse condemnation claim. Mr. Shupe's arguments might have weight if his complaint pertained to real property. Our courts have recognized that a landowner's right to compensation for a taking of his or her land "may not be barred merely by the passage of time." *Petersen v. Port of Seattle*, 94 Wn.2d 479, 483, 618 P.2d 67 (1980). When it comes to real property, the impetus driving a plaintiff to press his or her claim is not a three-year statute of limitations, but instead the risk of a 10-year period of adverse possession. *Id.*; *See also* RCW 4.16.020(1). But Mr. Shupe's case does not involve real property. He claims the City illegally seized his personal property. Adverse possession therefore is inapplicable. Rather, when it comes to personal property, a governmental appropriation is immediately apparent and a claim for wrongdoing is governed by a three-year statute of limitations. RCW 4.16.080. Given the continued applicability of the three-year statute of limitations period, Mr. Shupe's inverse condemnation claim fails as well.

4

No. 34986-1-III
*Shupe v. City of Spokane*

CONCLUSION

The order of dismissal is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____       _____
Lawrence-Berrey, C.J.                        Fearing, J.

5