

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

METHOW VALLEY CITIZENS )
COUNCIL and FUTUREWISE, ) No. 40706-3-III
)
Appellant, )
)
v. )
) UNPUBLISHED OPINION
OKANOGAN COUNTY, )
)
Respondent. )

STAAB, J. — This is the second appeal in this case. In *MVCC* I,[1] this court

affirmed the trial court's denial of Okanogan County's (County) CR 12(b)(6) motion to

dismiss MVCC's complaint as untimely. On remand, the County filed a motion to take

judicial notice of certain facts and its second motion to dismiss under CR 12(b)(6). The

trial court granted the County's motions, dismissing MVCC's complaint. MVCC appeals

that order.

MVCC contends the court erred in granting the County's motion to dismiss by

relying on exhibits that were not proper subjects of judicial notice. MVCC further argues

---

[1] *Methow Valley Citizens Council and Futurewise v. Okanogan County*, No. 39059-4-III, slip op. at 1 (Wash. Ct. App. Jan. 4, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/390594_unp.pdf (*MVCC* I).

the court erred by failing to apply portions of *MVCC* I, including what it characterizes as this court's new test for notice. The County responds that the court did not err by taking judicial notice of the County's exhibits—facts that more than satisfy the requirements of *MVCC* I.

Contrary to the parties' arguments, *MVCC* I does not announce a new test or heightened requirement for notice. Nevertheless, the trial court did not err by taking judicial notice of certain facts, nor by dismissing MVCC's complaint as untimely. As such, we affirm.

BACKGROUND

On Wednesday, December 29, 2021, the Okanogan County Board of County Commissioners (BOCC) held a public meeting, during which it approved a resolution adopting an updated version of its comprehensive plan under the Planning Enabling Act of the State of Washington (PEA), ch. 36.70 RCW. On January 5, 2022, a local newspaper published an article about the BOCC's adoption of the comprehensive plan. On March 1, 62 days after the comprehensive plan was adopted, Methow Valley Citizens Council and Futurewise (collectively MVCC) filed a petition challenging the County's adoption of the comprehensive plan.

*The County's first motion to dismiss*

The County moved to dismiss MVCC's complaint on the basis that it was untimely.[2] The parties disagreed as to the length and commencement date of the statute of limitations. The PEA does not contain a statute of limitations for appealing the adoption of a comprehensive plan. The County argued for application of Okanogan County Code 17A.350.030's 20-day limit on challenging legislative actions, while MVCC advocated for the application of the GMA's[3] 60-day statute of limitations. The superior court applied GMA's 60-day statute of limitations and found the newspaper article was the event that triggered commencement of the statute of limitation period. Because MVCC filed its complaint within 60 days of when the article was published, the court denied the County's motion to dismiss in part. The County appealed.

This court affirmed the order denying the County's motion to dismiss. *Methow Valley Citizens Council and Futurewise v. Okanogan County*, No. 39059-4-III, slip op. at 1 (Wash. Ct. App. Jan. 4, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/390594_unp.pdf (*MVCC* I). First, we found that GMA's 60-day statute of limitations was an appropriate analogous appeals period for the PEA. Second, we held the trial court did not err when it used the newspaper article publication date. *Id*. at 6.

---

[2] The County also moved to dismiss MVCC's petition on the basis that MVCC lacked standing, but that issue is not relevant to this appeal.

[3] Growth Management Act, chapter 36.70A RCW.

3

We explained that although the commencement date for the appeal period would typically be the date the ordinance was adopted, there was no evidence in the record that the BOCC provided advanced notice of its intent to adopt the comprehensive plan. Instead, the only notice contained in the record was the newspaper article published January 5.

In a footnote, we offered clarification regarding the notice required to commence the statute of limitations on the adoption date:

> We are not holding that the County must provide actual notice of adoption of a comprehensive plan to every person who might wish to appeal its adoption. Rather, governments must operate in the open. It would be sufficient if the County established it held regular public meetings and publicly posted its agenda in some consistent fashion prior to its meetings. In this manner, interested persons would know where and when to look for the posted agenda.

Clerk's Papers (CP) at 539.

The County moved this court for reconsideration, arguing that ample evidence showed MVCC had advanced notice of the December 29, 2021 meeting. We denied reconsideration but noted that "the appeal was decided on the trial court's record" and "[t]he court's opinion in no way prevents the issue from being reexamined with additional facts in the lower court." CP at 545.

4

*The County's motion for judicial notice and second motion to dismiss*

On remand, the County filed a second motion to dismiss MVCC's petition, this time with a motion for judicial notice. The County asked the court to take judicial notice of nine exhibits, supported by multiple declarations. The County argued the exhibits showed MVCC had notice of the meeting and established that the County "held regular public meetings and publicly posted its agenda in some consistent fashion prior to its meetings" as "required" by *MVCC* I. The court granted the County's motion for judicial notice over MVCC's objections. On appeal, MVCC challenges three of the nine exhibits judicially noticed. The relevant details of each follows.

Exhibit A is a screenshot of the County's webpage titled "Agenda." The screenshot shows commissioners' meeting agendas for multiple meetings in May 2024. In her declaration, the clerk of the BOCC explained that the BOCC holds its regularly scheduled public meetings every Monday, Tuesday, and, if needed, Wednesday. The County's general practice, in accordance with statutory requirements, is to publish the agenda for upcoming BOCC meetings the Friday before the next week's meeting, or the Thursday before if Friday is a holiday. Additionally, the BOCC clerk publishes the agenda on the door of the BOCC meeting room and on the main reception door to that same building. Finally, the BOCC clerk stated that the County's practice of posting agendas was the same in 2024 as it was in 2021.

5

Exhibit C is the Commissioners' Meeting Agenda for Wednesday, December 29, 2021, that shows the public meeting to consider adoption of the comprehensive plan scheduled at 1:30 p.m. The BOCC clerk declared that Exhibit C was "a true and correct copy of the agenda as it would have appeared on the County's website." CP at 564. She stated that the County posted the agenda for BOCC's regularly scheduled December 29 meeting on December 23.

In her second declaration, the BOCC clerk clarified that Exhibit C depicts the "AV Capture version of the agenda." CP at 651. She explained that AV Capture is the video/audio program used by the County to record its meetings. After each meeting, the BOCC clerk attaches a copy of the agenda to the video. This allows the public to view the agenda while watching the recorded video.

The County also offered a declaration from its network analyst who serves as the system administrator for the County's website. The network analyst explained that every change made to the County's website is logged as an event in the archive. He stated that he searched the archive that showed that the December 29 agenda was posted by the BOCC clerk on Sunday, December 26. The network analyst further declared that he reviewed Exhibit C and "[t]he content of the agenda that appears in Exhibit C is identical to the content of the agenda that appeared in the webpage archive as having been posted on December 26, 2021." CP at 659.

The BOCC clerk filed a third declaration to correct statements in her earlier declarations. She acknowledged that a search of the County's webpage archives indicated that she posted the agenda for the December 29 meeting on Sunday, December 26, not on December 23 as she previously declared. She further explained, "I do not recall the circumstances that would have caused me to post the agenda at a time outside of my regular process but accept that the electronic archive is correct." CP at 656.

Exhibit D is the record of the proceedings from the County's public meeting on December 29, 2021, reflecting the consideration and adoption of the comprehensive plan. The record shows that MVCC's program director attended the meeting via Zoom.

The trial court heard oral argument on the County's second motion to dismiss. The County argued that it easily satisfied the new test articulated by the court of appeals because it is required to publicly post advanced notice of its meetings pursuant to other laws and the judicially noticed exhibits establish its general practice of posting the agenda for each meeting on its website at least 24 hours in advance. Additionally, the County stated that notice was undisputedly received by MVCC because its program director attended the meeting and was aware of the adoption of the plan.

In response, MVCC argued the County did not satisfy the new test because it failed to provide notice in a consistent fashion. MVCC pointed to myriad inconsistencies in the County's declarations and exhibits. It argued that the County's standard practice was to post on Friday, but notice of the December 29, 2021 meeting was not posted until

7

Sunday, December 26. Additionally, Wednesday meetings are held as needed—not consistently or regularly. Finally, MVCC argued that the County's failure to provide adequate notice in the past precluded the trial court from finding that the County posted its agenda in "some consistent fashion." RP at 25.

The court re-read the footnote in *MVCC* I and considered whether the County established that it provides notice in some consistent fashion, notwithstanding its apparent deviation from its standard practice in December 2021. The court noted that it had "no reason to doubt" the network analyst's declaration that the County maintains an archive of webpage changes and that the agenda was posted more than 24 hours before the meeting was held.

The court ultimately granted the County's motion to dismiss, concluding MVCC's complaint was untimely:

> So the court finds that on the evidence presented this would appear to meet the new test identified by the court of appeals in that this was—the comp plan appears to have been adopted in a regular public meeting, that the agenda was posted publicly in advance of the 24 hours, meaning that the government—the board was operating in the open and interested persons would know where and when to look for the posted agenda.

Rep. of Proc. (RP) at 32.

MVCC appeals.

ANALYSIS

1. JUDICIAL NOTICE

MVCC argues the court erred when it took judicial notice of the County's declarations and Exhibits A, C, and D because the documents are testimonial, not publicly recorded, from unverified sources, or contain inaccurate information. The County argues the court properly took notice of the exhibits because they are relevant and there is no contrary evidence. Although the County's reasoning is not quite right, we agree that its proffered facts were properly noted by the court.

Normally, a trial court must convert a CR 12(b)(6) motion into a motion for summary judgment under CR 56 if it considers matters outside the face of the complaint. *Jackson v. Quality Loan Serv. Corp.*, 186 Wn. App. 838, 844, 347 P.3d 487 (2015). This does not, however, preclude the court from considering adjudicative facts of which it has taken judicial notice. *Id.* An adjudicative fact is one "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." ER 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." ER 201(d). "A trial court's ruling on a question of taking judicial notice presents a question of law reviewed de novo." *State v. Disney*, 199 Wn. App. 422, 431, 398 P.3d 1218 (2017); *see also Fusato v. Wash. Interscholastic Activities Ass'n*, 93 Wn. App. 762, 771, 970 P.2d 774

(1999).  *But see McCartney v. Pierce County*, 22 Wn. App. 2d 665, 676, 513 P.3d 119

(2022) (we review ruling for abuse of discretion).

 *A.  Exhibit A*

 Exhibit A is a screenshot of the County's webpage titled "Agenda."  The

screenshot shows commissioners' meeting agendas for multiple meetings in May 2024.

The County offered this exhibit with the declaration of the BOCC clerk to establish the

fact that its general practice is to publish the agenda for upcoming BOCC meetings to its

website the Friday before the next week's meeting.

 "Courts will take judicial notice of the facts of business and occupations, such as

the general course of business and the usual methods of transacting it."  *Rogstad v.*

*Rogstad*, 74 Wn.2d 736, 742, 446 P.2d 340 (1968).  Here, the commissioners' meetings

are part of the County's general course of business and its process for posting meeting

agendas to its website is its usual method.  As such, the court properly took judicial

notice of the fact that the County's general practice is to post the agenda for an upcoming

meeting to its website on the preceding Friday.

 MVCC contends that Exhibit A is not relevant because it proves nothing about the

December 29 meeting.  However, the exhibit serves to establish a fact regarding the

County's general practice of providing notice, not its performance on a specific date.

And, the BOCC clerk explained in her declaration that the general practice was the same

in 2021 as it was in 2024.  Therefore, the fact is relevant.

B. *Exhibit C*

Exhibit C is the Commissioners' Meeting Agenda for Wednesday, December 29, 2021, which the BOCC clerk first stated she posted to the County's website on December 23. MVCC challenges the contents of the agenda and the date it was posted, arguing that inconsistencies in the evidence precluded the court from determining the exhibit was "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See* ER 201(b).

Indeed, the BOCC clerk first declared that she posted the agenda to the County's webpage on December 23 but later indicated that the network analyst's search revealed December 26 was the accurate date. There was also conflicting information regarding whether the exhibit showed the agenda as posted before the meeting, or as an attachment to the video recording after the meeting. Nevertheless, the network analyst provided evidence that the County maintains archives that document each change to a webpage as a separate event. A search of the archive showed that the BOCC clerk published the December 29 agenda to the website on Sunday, December 26. The network analyst also confirmed that "[t]he content of the agenda that appears in Exhibit C is identical to the content of the agenda that appeared in the webpage archive as having been posted on December 26, 2021." CP at 659.

Notwithstanding the BOCC clerk's inaccuracies, the fact that the County posted the December 29 agenda on December 26 was capable of accurate and ready

determination by the network analyst's search of the County's archives. As such, the County supplied the necessary information for the court to properly take judicial notice of the fact that the agenda for the December 29 meeting was published to its website December 26.

C. *Exhibit D*

Exhibit D is the record of proceedings from the County's public meeting on December 29, reflecting consideration and adoption of the comprehensive plan. The record of proceedings also indicates that MVCC's program director attended the meeting via Zoom.

Governmental information in the public record, such as meeting minutes, are appropriate for judicial notice. *See McCartney*, 22 Wn. App. 2d at 677. As such, the record of proceedings was properly noted.

MVCC argues the record of proceedings should not be judicially noticed because it does not state when the record was created or made available to the public, nor did it specify the contents of the adopted comprehensive plan; therefore, it is unknown if or when it provided notice to the public. This argument fails because the County did not offer the exhibit to prove a fact about providing notice to the public. Instead, it wanted the court to take judicial notice of the fact that MVCC's program director was in attendance—a fact that MVCC does not dispute.

The court did not err taking judicial notice of Exhibits A, C, and D.

2.  DISMISSAL UNDER CR 12(b)(6)

MVCC contends the court erred when it granted the County's CR 12(b)(6) motion to dismiss because it failed to properly apply the new test announced in *MVCC I*.  The County responds that it satisfied the test because it publicly posts meeting agendas in advance and in some consistent fashion.  Although the parties' arguments are misguided, we agree with the County in result.

*A.  This court did not create a new test in* MVCC *I*

As a preliminary matter, the parties' arguments to the trial court and on appeal center on whether the County satisfied this court's new test by proving it provides notice "in some consistent fashion."  *See, e.g.*, Resp't's Br. at 1.  Likewise, the trial court found the evidence "would appear to meet the new test identified by the court of appeals."  RP at 32.  Although their efforts to apply this court's first opinion is commendable, the parties and the court demonstrate a misunderstanding and misapplication of *MVCC* I.

Simply stated, the court of appeals does not announce a new test in an unpublished opinion.  *See State v. Nysta*, 168 Wn. App. 30, 44, 275 P.3d 1162 (2012) ("No matter how well reasoned, unpublished opinions of this court lack precedential value, in part because they merely restate well established principles.").  Additionally, footnote 8 in MVCC I, is mere dicta, "'[a] judicial comment . . . that is unnecessary to the decision.'" *State v. Scott*, 190 Wn.2d 586, 599, 416 P.3d 1182 (2018) (first alteration in original) (quoting BLACK'S LAW DICTIONARY (9th ed. 2009)).

13

The parties interpret *MVCC* I to create a heightened burden on the County to provide and prove notice. On the contrary, *MVCC* I acknowledged that an ordinance's adoption date would normally trigger the statute of limitations; however, it affirmed that the newspaper article triggered the 60-day statute of limitations here because it was the *only* evidence of notice in the record. *MVCC* I, No. 39059-4-III, slip op. at 6. And the footnote is more favorable to the County than burdensome. *Id.* at n.8. The County can show actual notice, but it need not. *Id*. Instead, it may simply establish that its general practice is to hold regular meetings and publicly post the agendas for those meetings in advance. *Id*. Furthermore, *MVCC* I does not require the County to prove meticulous adherence to its policies.

Although the trial court understood that an apparent deviation from the standard practice should not defeat a party's showing that a standard practice was in place, *MVCC* I does not burden the County with the additional requirement imposed below.

### B. The County's second motion to dismiss

We review dismissals under CR 12(b)(6) de novo. *Woodward v. Taylor*, 184 Wn.2d 911, 917, 366 P.3d 432 (2016). Dismissal is appropriate only if there is no set of facts, actual or hypothetical, that would justify recovery. *Id*. For the purposes of review, all facts alleged in the complaint are assumed true. *Id*. An action that is untimely filed is properly dismissed under CR 12(b)(6). *See Yurtis v. Phipps*, 143 Wn. App. 680, 692-93, 181 P.3d 849 (2008).

14

Here, the County adopted its comprehensive plan under the PEA on December 29, 2021. The PEA does not have a stated statute of limitations; instead, the analogous GMA 60-day statute of limitations applied. *MVCC* I, No. 39059-4-III, slip op. at 5. The statute of limitations begins to run when the ordinance is adopted. *Id*. at 6. However, the statute of limitations may be tolled if there is reason to believe the ordinance was adopted without the County providing advanced notice. *Id*. at 6. That exception does not apply here because the record shows that MVCC had advanced notice of the meeting; it is undisputed that its program director was in attendance. Therefore, the 60-day appeals period commenced on December 29, 2021. MVCC filed its complaint challenging the ordinance on March 1, 2022, 62 days after its adoption date. As such, MVCC's complaint was untimely filed, and the expired statute of limitations is an insuperable bar to relief. *Id*. The County's motion to dismiss was properly granted.

MVCC argues that dismissal was error because there are questions of fact regarding the County's failure to follow its general practices. MVCC further contends that whether "a[n MVCC] staffer happened to [attend] the December 29, 2021, meeting by Zoom" is not dispositive because its presence at the meeting does not excuse the County's failure to comply with *MVCC* I. Appellant's Reply Br. at 9-10. MVCC argues the County has a history of failing to provide adequate notice and anyone looking on the County's website on Friday, December 24 would not be made aware of the December 29 meeting.

Indeed, it appears the agenda for the meeting was posted the Sunday before the meeting, not the preceding Friday. Additionally, there were inconsistencies in the evidence regarding the contents of the agenda and when it was created. However, MVCC's arguments are outside the scope of this appeal and are irrelevant. The County's general practices, its compliance therewith, and the alleged previous and present violations of noticing requirements do not need to be decided. Instead, because MVCC had actual notice of the meeting, the County need not rely on nor establish its practice of publicly posting notice in some consistent fashion.

Finally, MVCC argues that dismissal was error because it violated the law of the case doctrine. MVCC alleges the court violated the doctrine when it considered evidence it took judicial notice of because *MVCC* I requires the County to identify an insuperable bar to relief on the face of the complaint.

"In its most common form, the law of the case doctrine stands for the proposition that once there is an appellate holding enunciating a principle of law, that holding will be followed in subsequent stages of the same litigation." *Roberson v. Perez*, 156 Wn.2d 33, 41, 123 P.3d 844 (2005). For instance, *MVCC* I held that it was appropriate for the trial court to apply GMA's analogous 60-day statute of limitations to the PEA in this case. *MVCC* I, No. 39059-4-III, slip op. at 5. As such, the trial court, and now this court on appeal, applies that 60-day statute of limitations to the County's second motion to dismiss.

16

MVCC points to an excerpt from *MVCC I* that states: "the County has failed to show that, on the face of MVCC's petition, there exists an insuperable bar to relief." *Id.* at 6. MVCC misconstrues this sentence as precluding the trial court from considering any fact not presented on the face of its complaint. The *MVCC I* court did not change well established law or prevent the trial court from considering any fact properly before it. *See Jackson*, 186 Wn. App. at 844. Instead, the comment reflected the fact that the record on review was limited. Furthermore, this court's subsequent ruling on the County's motion for reconsideration expressly clarified that "[*MVCC I*] in no way prevents the issue from being reexamined *with additional facts* in the lower court." CP at 545 (emphasis added).

The trial court did not err by granting the County's CR 12(b)(6) motion to dismiss MVCC's complaint as untimely.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, C.J.

WE CONCUR:

_____     _____
Lawrence-Berrey, J.                 Cooney, J.

17