# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| HERBERT R. PEARSE,<br><br>      Appellant,<br><br> v.<br><br>THE BANK OF NEW YORK MELLON<br>f/k/a THE BANK OF NEW YORK;<br>NATIONSTAR MORTGAGE LLC d/b/a<br>MR. COOPER; REMAX WINDEMERE, and<br>LINDA PARRY,<br><br>      Respondents. | No.  55803-3-II<br><br>UNPUBLISHED  OPINION |

WORSWICK, J. — Herbert Pearse has filed four lawsuits relating to the foreclosure and sale of his real property.  All four lawsuits were summarily dismissed.  In this fourth case, Pearse included as a defendant Linda Parry, who purchased the property at a trustee sale.  The trial court dismissed with prejudice Pearse's claims under CR 12(b)(6) for failure to state a claim upon which relief could be granted and based on the doctrine of res judicata.  Pearse appeals, arguing that the trial court erred.  We agree and reverse.

FACTS

In June 2016, Pearse filed a complaint in Pierce County superior court against multiple parties claiming damages and injunctive relief stemming from his default and pending

foreclosure of the property.[1]  Pearse alleged promissory fraud misrepresentation, breach of fiduciary duty, wrongful foreclosure, unjust enrichment, civil conspiracy, violation of the Consumer Protection Act, and slander of title.  He sought cancellation of the promissory note and deed of trust, and a declaration of quiet title.  That case was removed to federal district court. The United States District Court for the Western District of Washington entered an order dismissing Pearse's claims, but granting Pearse leave to amend his complaint.  After Pearse failed to file an amended complaint, the district court entered an order dismissing all Pearse's claims and closing the case.  Pearse appealed to the Ninth Circuit Court of Appeals, which affirmed the district court's dismissal of his case.

In December 2018, Pearse filed a second lawsuit in Pierce County superior court that was functionally identical to his 2016 complaint.[2]  That case was also removed to federal district court where all Pearse's claims were dismissed with prejudice.

In November 2019, Pearse filed a third lawsuit in Pierce County superior court, challenging the foreclosure and pending trustee sale.[3]  Pearse alleged that foreclosure was barred by the statute of limitations, and he sought injunctive relief to stop the pending trustee sale and

---

[1] The defendants named in the complaint were First Horizon Home Loan Corporation; NationStar Mortgage, LLC; Mortgage Electronic Registration Systems, Inc.; Quality Loan Service Corporation of Washington; and Bank of New York Mellon f/k/a Bank of New York as Trustee for First Horizon Mortgage Pass-Through Trust 2007-AR3.

[2] The defendants named in the second complaint were Quality Loan Service Corp; Commonwealth Land Title Co.; Mortgage Electronic Registrations system, Inc.; First Horizon Home Loans, Div. of First Tennessee Bank N.A., The Bank of New York Mellon f/k/a The Bank of New York; and Nationstar Mortgage LLC d/b/a Mr. Cooper.

[3] The defendants named in the third complaint were the same as those named in the second complaint.

quiet title. The trial court took judicial notice of Pearse's prior lawsuits, and dismissed all of Pearse's claims with prejudice pursuant to res judicata, and CR 12(b)(6).

Linda Parry purchased the property at a trustee sale in December 2020. Two months later, in February 2021, Pearse filed the instant complaint challenging the foreclosure and subsequent trustee sale, this time including Parry as a defendant.[4] Pearse again alleged a violation of the statute of limitations, made claims for unlawful harassment and forced entry, and sought injunctive relief against Parry.[5] In particular, Pearse claimed that the property had been sold without proper notice, that Parry was attempting to access the property in violation of a 60-day notice to vacate, and he sought a temporary restraining order against Parry who had been attempting to gain access to the property. Parry filed a motion to dismiss the lawsuit with prejudice for failure to state a claim upon which relief can be granted and under the doctrine of res judicata. The trial court granted Parry's motion and dismissed with prejudice all of Pearse's claims.

Pearse appeals the trial court's judgment of dismissal.[6]

---

[4] The defendants named in the fourth complaint are The Bank of New York Mellon f/k/a The Bank of New York; and Nationstar Mortgage LLC d/b/a Mr. Cooper, RE/MAX Windemere, and Linda Parry.

[5] In April 2021, Pearse filed an amended complaint after Parry filed her motion to dismiss. There is neither a motion to amend the complaint in the file, nor an order granting leave to amend the complaint.

[6] Parry argues that we should dismiss Pearse's appeal based on his noncompliance with the Rules of Appellate Procedure (RAP), his inability to identify error in the record, and his failure to cite any relevant authority. Although Parry is correct that Pearse's appellate brief lacks assignment of errors and consistent citations to the record, we accept Pearse's brief under RAP 1.2 and address the merits.

ANALYSIS

As an initial matter, Pearse devotes a significant portion of his appellate brief to his argument that the trial court erroneously applied the *Rooker-Feldman*[7] doctrine. However, the trial court's order dismissing Pearse's lawsuit makes no mention of *Rooker-Feldman*, nor does it appear anywhere in the record on appeal. Accordingly, we do not consider his arguments involving *Rooker-Feldman*.

Pearse also argues that the trial court erred by dismissing his claims rather than permitting him an opportunity to file an amended complaint. Nothing in the record on appeal shows that Pearse sought any such opportunity to amend. We will not consider issues raised for the first time on appeal. RAP 2.5(a).

## I. CR 12(b)(6) AND RES JUDICATA

Pearse argues that the trial court erred by dismissing his lawsuit for failure to state a claim and under the doctrine of res judicata. We agree.

A dismissal under CR 12(b)(6) is appropriate when a plaintiff cannot prove any set of facts in the complaint that would entitle the plaintiff to relief. *Jackson v. Quality Loan Serv. Corp.*, 186 Wn. App. 838, 843, 347 P.3d 487 (2015). When reviewing a dismissal under CR 12(b)(6), we presume that all facts alleged in a complaint are true, but we are not required to accept any of the complaint's legal conclusions. *Jackson*, 186 Wn. App. 2d at 843. We review a CR 12(b)(6) dismissal de novo. *Woodward v. Taylor*, 184 Wn.2d 911, 917, 366 P.3d 432 (2016).

---

[7] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). The *Rooker-Feldman* doctrine holds that federal courts, other than the Supreme Court, cannot generally sit in direct review of state court decisions.

No. 55803-3-II

Res judicata, otherwise known as claim preclusion, bars relitigating a claim or cause of action that has been settled in a final judgment. *Storti v. Univ. of Wash.*, 181 Wn.2d 28, 40, 330 P.3d 159 (2014). "Res judicata applies to matters that were actually litigated and those that 'could have been raised, and in the exercise of reasonable diligence should have been raised, in the prior proceeding.'" *Emeson v. Dep't of Corr.*, 194 Wn. App. 617, 626, 376 P.3d 430 (2016) (quoting *DeYoung v. Cenex Ltd.*, 100 Wn. App. 885, 891-92, 1 P.3d 587 (2000)). The party asserting res judicata bears the burden of proof. *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 865, 93 P.3d 108 (2004). Whether res judicata applies is a question of law we review de novo. *Emeson*, 194 Wn. App. at 626.

The threshold question for applying res judicata is whether there has been a valid and final judgment on the merits in a prior suit. *Hisle*, 151 Wn.2d at 865. A party must establish four requirements for res judicata to apply. *Williams v. Leone & Keeble, Inc.*, 171 Wn.2d 726, 730, 254 P.3d 818 (2011). Res judicata applies when there is a sameness in (1) subject matter, (2) cause of action, (3) persons or parties, and (4) quality of the persons for or against whom the claim is made. *Williams*, 171 Wn.2d at 730; *DeYoung*, 100 Wn. App. at 891.

Pearse argues only that this lawsuit involves a new cause of action, and therefore, res judicata does not apply. When parties to successive proceedings are the same, "a matter may not be re-litigated, or even litigated for the first time, if it could have been raised, and in the exercise of reasonable diligence should have been raised, in the prior proceeding." *Kelly-Hansen v. Kelly-Hansen*, 87 Wn. App. 320, 328-29, 941 P.2d 1108 (1997). There is no all-inclusive test for determining whether a matter should have been litigated earlier. *Kelly-Hansen*, 87 Wn. App. at 330. Rather, we consider a variety of factors, including whether the two proceedings arise out of

5

the same facts, involve substantially the same evidence, and whether rights or interests established in the first proceeding would be destroyed or impaired by the second proceeding. *Kelly-Hansen*, 87 Wn. App. at 330. An alternate theory of recovery or an alternate remedy does not constitute a new cause of action for purposes of res judicata. *Kelly-Hansen*, 87 Wn. App. at 331.

This fourth lawsuit arises from facts and evidence that did not exist at the time of the previous lawsuits. In the instant case, Pearse challenges the validity of the sale to Parry and her subsequent actions attempting to gain access to the property. The sale had not yet occurred when Pearse filed his previous three lawsuits. Hence, there is no way Pearse could have or should have raised claims based on the sale to Parry in his previous lawsuits. Accordingly, res judicata does not apply to bar Pearse's claims.

## II. SANCTIONS, ATTORNEY FEES, AND COSTS

Parry argues that this court should impose sanctions against Pearse for pursuing a frivolous appeal and untimely filing his opening brief, which failed to comply with the Rules of Appellate Procedure. RAP 10.7 permits this court to impose sanctions on a party for filing a brief that fails to comply with the RAPs. Although Pearse's brief is flawed in that it lacks assignment of errors and consistent citations to the record and relevant authority, we decline to impose sanctions.

Parry also argues that she is entitled to an award of attorney fees and costs under RAP 18.1 and RAP 18.9(a). RAP 18.9(a) permits attorney fees for having to defend against a frivolous appeal. An appeal is frivolous if there are no debatable issues on which reasonable minds can differ and is so totally devoid of merit that there was no reasonable possibility of

No. 55803-3-II

reversal. *In re Recall Charges Against Feetham*, 149 Wn.2d 860, 872, 72 P.3d 741 (2003). We decline to grant attorney fees under RAP 18.9(a).

We reverse.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Lee, J.

Price, J.

7